**10IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| MICHE BAG, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THE MARSHALL GROUP, INC., d/b/a SIERRA'S, an Indiana corporation,<br><br>    Defendant. | Civil Action No. 3:10-cv-00129-RLM-CAN<br>Honorable Judge Robert L. Miller<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Miche Bag, LLC ("Miche Bag") hereby respectfully submits its Motion for Hearing on its Motion for Preliminary Injunction ("Motion"). The Court issued a Temporary Restraining Order ("TRO") on May 21, 2010. (Docket No. 37.) Pursuant to Federal Rule of Civil Procedure 65(b)(2), the TRO expires on June 4, 2010. Fed. R. Civ. P. 65(b)(2). The Court may, for good cause, extend the TRO for an additional fourteen days, or until June 18, 2010. *Id*. Any extension beyond June 18, 2010, must be consented to by The Marshall Group, Inc. dba Sierra's ("Sierra's"). *Id*.

Based upon the Court's statements at the May 21, 2010 hearing, and based upon subsequent discussions with the Court's staff, Miche Bag understands that the Court has the following dates available for the preliminary injunction hearing: June 7, July 13, July 19, and August 23 (and possibly June 21). Miche Bag discusses its position relative to possible dates in two groups: (1) a short-term hearing date and (2) a long-term hearing date.

**Short-Term Hearing Date:**

If Sierra's does not consent to an extension of the TRO beyond June 18, 2010, Miche Bag respectfully requests that the Court (1) schedule the preliminary injunction hearing for June 7, 2010 and (2) limit the evidence to the pleadings before the Court (including Miche Bag's forthcoming reply brief in support of its Motion for Temporary Restraining Order and Preliminary Injunction).  Specifically, Miche Bag requests that the Court preclude discovery and not permit any expert witness testimony, affidavits, or reports.  The basis for this request is that there is not enough time before June 7 to adequately conduct fact and expert discovery.  Sierra's has already informed Miche Bag of four non-party depositions it intends to seek permission to take, in addition to three issues for which it seeks to proffer expert testimony.  (*See* May 25, 2010 email from Jody Factor, attached hereto as Exhibit 1.)  Considering the number of party, 30(b)(6), and expert depositions that would need to be taken by the parties, and written discovery requests, it is not possible to complete such before June 7.  Furthermore, it would be prejudicial if the parties were only able to conduct partial discovery. (*See* Exhibit 1, wherein Sierra's proposes "expedited discovery relative to depositions only.")  Finally, it would be prejudicial for Sierra's to introduce expert testimony without providing Miche Bag the opportunity to obtain an expert report, retain a rebuttal expert, prepare a rebuttal report, and introduce its own expert testimony, if necessary.[1]

There is similarly not enough time to prepare for a June 21, 2010 preliminary injunction hearing (assuming the Court's calendar opens up).  Moreover, a hearing on June 21 would require Sierra's consent.

---

[1] Sierra's has indicated it desires to present expert testimony on infringement and validity.  Since such issues are matters of law, Miche Bag does not believe such matters require expert testimony.  As all counsel in this case are intellectual property practitioners, it seems unnecessary.

2

Thus, if Sierra's does not consent to extending the TRO, Miche Bag respectfully requests a June 7, 2010 hearing date (without any discovery).

**Long-Term Hearing Date:**

Aside from June 7, it does not appear that the Court has any availability before the expiration of the TRO on June 18.[2]  Thus, if the preliminary injunction hearing takes place after June 7, it would only be if Sierra's provided consent pursuant to Rule 65(b)(2). Assuming that Sierra's consents, Miche Bag requests that the Court set the preliminary injunction hearing for August 23.  This would allow the parties to complete a limited discovery process.  The following proposed limited scheduling order is based upon an August 23 hearing date and underscores the need for sufficient time before the hearing:

| Date | Event |
|---|---|
| June 4, 2010 | Deadline to Participate in Mediation |
| June 18, 2010 | Deadline to serve limited discovery requests |
| July 2, 2010 | Deadline to serve responses to limited discovery requests |
| July 6, 2010 | Deadline to disclose experts |
| July 9, 2010 | Last day to conduct fact depositions |
| July 16, 2010 | Expert reports due |
| July 28, 2010 | Last day to conduct expert depositions |
| August 2, 2010 | Plaintiff's supplemental brief due |
| August 9, 2010 | Defendant's opposition brief due |
| August 16, 2010 | Plaintiff's reply brief due |
| August 23, 2010 | Preliminary Injunction hearing |

---

[2] This assumes that the Court extends the TRO an additional fourteen days to June 18, 2010.

The Court's available July dates do not provide adequate time to complete the necessary preparation and discovery required for an evidentiary hearing. Moreover, any alleged prejudice to Sierra's by having the preliminary injunction hearing on August 23, as opposed to July 13 or 19, is outweighed by the value of a complete limited discovery process.

At the end of the day, Sierra's cannot have it both ways. Sierra's can, however, avoid the alleged prejudice of an extended TRO by having the hearing on June 7, but the hearing should be limited to the evidence currently before the Court (including Miche Bag's reply brief). Conversely, Sierra's (and Miche Bag) can participate in a limited discovery process, but only if Sierra's agrees to extend the TRO sufficiently to allow for a complete limited discovery process by both parties.

DATED this 27th day of May, 2010.

s/James B. Belshe

James B. Belshe (admitted *pro hac vice*)
jbelshe@wnlaw.com
James T. Burton (admitted *pro hac vice*)
jburton@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple Street, Ste. 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800

Steven L. Smilay (26233-43)
BOTKIN & HALL, LLP
105 East Jefferson Blvd., Ste. 400
South Bend, Indiana 46601
Telephone: (574) 234-3900
ssmilay@bhlawyers.net

Attorneys for Plaintiff Miche Bag, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Jody L. Factor
Patrick J. Smith PHV
Factor & Lake, Ltd.
1327 W. Washington Blvd., Ste. 5G/H
Chicago, IL 60607
Attorneys for Defendant

                s/Jessica Garcia
                Jessica Garcia