UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHE BAG, LLC, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:10-CV-129RM ) |
| THE MARSHALL GROUP, INC., d/b/a SIERRA'S | ) ) ) ) |
| Defendant | ) |

OPINION AND ORDER

On May 21, after hearing argument from both sides and reviewing affidavits and exhibits, the court entered a temporary restraining order in favor of Miche Bag, LCC, and against The Marshall Group, Inc. d/b/a/ Sierra's, conditioned on Miche Bag's posting a $250,000 bond. At that time, the court noted that pursuant to the terms of FED R. CIV. P. 65(b)(2), the TRO would expire fourteen days later, on June 4, unless the court extended the TRO by another fourteen days to June 18. The court explained that June 7 was the only time available on the court's calendar for the requested three-day preliminary injunction hearing. The court noted that Sierra's had requested a much longer time within which to prepare for the preliminary injunction hearing, but Rule 65(b) required the hearing to be held much sooner, unless Sierra's agreed to extend the TRO beyond June 18. Sierra's asked for a few days within which to decide whether to agree to a later hearing, and the court granted that request.

On May 26, the parties notified the court of their positions. Sierra's won't

consent to a longer extension of the TRO because trade shows critical to its business begin on June 21. Sierra's also says, though, that it can't possibly be ready by June 7 because it needs to conduct limited discovery. Accordingly, Sierra's requests a hearing beginning June 14 before either this district judge or the division's magistrate judge. Miche Bag asks to proceed on June 7 if Sierra's won't consent to a longer extension of the TRO, but insists that the June 7 hearing be limited to the pleadings and that the court preclude all discovery and expert witness evidence; without those conditions, Miche Bag says it can't be ready before August.

Neither side's position fits well with the court's understanding of the preliminary injunction process. As the court explained when entering the TRO, there is no available slot on the district judge's June 14 calendar. That week is set aside for jury trial of a 2007 case that has seen its trial date continued for criminal trials three times. Were the court unable to offer a compliant date for the preliminary injunction hearing, of course, that civil case would have to yield yet again. But the offered June 7 date complies with Rule 65(b).

Setting the matter for hearing before the magistrate judge on June 14 might be possible (the court hasn't looked into the magistrate judge's availability that day), but would provide no resolution before the June 21 trade shows. Whatever the magistrate judge might recommend, the parties would have fourteen days within to object to his report and recommendation. Thus, even if the hearing were restricted to a single day and the magistrate judge entered his report and

2

recommendation that day, the deadline for objections would extend until June 28 — a date to which Sierra's is unable or unwilling to wait.

Miche Bag's position seems inconsistent with the construct of Rule 65. Rule 65(b) limits TROs to no more than twenty-days' duration (absent the restrained party's agreement) because TROs ordinarily are based on quick and dirty records, necessarily incomplete because of the lack of preparation that accompanies emergency hearings. Rule 65 doesn't cap the life of a preliminary injunction because more time is available for preparation — certainly not as much time as for trial, but more time. The lack of available time causes courts to consider evidence at preliminary hearings that might not be admissible at trial, but there still is more time to prepare for the preliminary injunction hearing than for the TRO hearing. That preparation is particularly important in intellectual property cases because, as counsel noted at the TRO hearing, the preliminary injunction hearing might effectively finish off the case, one way or another.

Miche Bag's request that the preliminary injunction hearing essentially be limited to the quick and dirty record on which Miche Bag prevailed at the TRO stage fits most uncomfortably against this backdrop. Rule 65 implicitly contemplates that between the entry of a TRO, with its temporally limited impact, and the hearing that might produce a preliminary injunction that could last months or years, the record before the court will become more nearly complete. Miche Bag's request is at odds with that purpose.

Miche Bag's argument that it can't be ready for a more thorough hearing

3

before August is unpersuasive for two reasons. First, the choice of timing was Miche Bag's. It filed its petition for TRO and preliminary injunction promptly after receiving the last arrow in its intellectual property quiver. But simple arithmetic combines with Rule 65 to warn a movant that a TRO petition likely will lead to a preliminary injunction hearing within five or six weeks of the TRO petition's filing. One who can't prepare in that time should think twice before beginning the process. Second, if Miche Bag can't be ready for a preliminary injunction hearing (at least a hearing at which the parties are better prepared than they were at the TRO hearing) within the time period set by Rule 65(b), the Rule seems to contemplate the TRO's expiration while Miche Bag prepares. Miche Bag can have the TRO or more preparation time, but the Rule doesn't allow a movant to have its cake and eat it, too (unless the restrained party agrees).

For all these reasons, as the record stands now, the preliminary injunction hearing must be held during the week of June 7. The court can start the hearing on June 8 rather than June 7 and still have enough time set aside for a three-day hearing. The court can't accommodate the parties further on this record.

Accordingly, the court:

 1. Pursuant to Fed. R. Civ. P. 65(b), EXTENDS the temporary restraining order entered on May 21, 2010, now set to expire on June 4, for another fourteen days, to June 18, 2010;

 2. Sets the hearing on the preliminary injunction for 9:30 a.m. EDT on June 7, 2010, in the third floor courtroom in the Robert A. Grant Federal

4

Building, 204 S. Main Street, South Bend, Indiana; and

      3. ORDERS that the parties submit any further briefs by 3:00 p.m. EDT on June 4, 2010.

ENTERED:  <u>May 28, 2010</u>

                                          <u>/s/ Robert L. Miller, Jr.</u>
                                          Judge
                                          United States District Court