UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHE BAG, LLC, | ) ) ) | Case No.: 3:10-cv-00129-RLM-CAN |
| Plaintiff, | ) ) | Judge Robert L Miller, Jr |
| v. | ) ) | Magistrate Judge: |
| THE MARSHALL GROUP, INC. d/b/a SIERRA'S, | ) ) ) | Christopher A Nuechterlein |
| Defendant. | ) ) ) | |

**EMERGENCY MOTION TO MOVE
<u>PRELIMINARY INJUNCTION HEARING</u>**

Defendant, The Marshall Group d/b/a Sierra's ("TMG") respectfully moves this Court to postpone the preliminary injunction hearing, currently scheduled to begin on June 7, 2010, until on or about of July 13, 2010.

In support of same, TMG states as follows:

1. In an order dated May 28, 2010, the Court extended the temporary restraining order against TMG to June 18, 2010 and set a hearing date of June 7, 2010 for Miche Bag LLC's ("Miche") motions for preliminary injunctions. *See*, Docket No. 42.

2. While TMG notes that the Court's calendar and the parties' respective positions required the Court to make a decision that left one party unhappy with its decision, TMG believes that the June 7, 2010 hearing date is highly prejudicial to TMG, and that this prejudice clearly outweighs the interest in protecting Miche's alleged claims of irreparable harm.

3. While TMG is scrambling to more fully address the issues raised in Miche's moving papers (since TMG's original response brief was also presented quickly without a

1

chance for a full analysis), TMG has also been attempting to retain experts.  TMG was able to obtain a first expert with respect to the trade dress and copyright issues.  However, the expert was obtained only yesterday (June 1, 2010) and is preparing for a trial set to begin on the 11th of June and, accordingly, is unavailable for the June 7, 2010 hearing date.  TMG is also still attempting to obtain further witnesses.

      4.      Surprisingly, Miche's counsel has informed counsel for TMG that they intend to call five witnesses at the preliminary injunction hearing.  This is completely opposite to what Miche stated to the Court in its most recent Motion for a Hearing on Preliminary Injunction.  Docket No. 41. Indeed, Miche stated: "The basis for this request is that there is not enough time before June 7 to adequately conduct fact and expert discovery."  *Id*. page 2.  Miche even stated that it would be "prejudicial if the parties were only able to conduct partial discovery," and that "it would be prejudicial for Sierra's to introduce expert testimony without providing Miche Bag the opportunity to obtain an expert report, retain a rebuttal expert, prepare a rebuttal report, and introduce its own expert testimony, if necessary."  *Id*. page 2.  Inasmuch as Miche recognizes the prejudicial nature it would suffer by not being able to fully prepare for rebuttal testimony, certainly it should be recognized that this prejudice flows both ways.  Moreover, Miche also stated that the use of experts was unnecessary.  *Id*. at n1.  They requested a June 7, 2010 hearing date, and wanted a hearing without any discovery and to only consider the pleadings before the Court.  *See*, *Id*. at pages 2, 3.  Thus, despite multiple pleas to the Court that they could not be prepared, Miche is now planning on bringing experts (whose identity has yet to be revealed to TMG).[1]  As if the prejudice of the short date was not enough, this prejudice is compounded by Miche's about-face from its recent pleas to the Court.

---

[1] In view of Miche's position, TMG plans to object to the witnesses.

5. While the currently requested date of July 13, 2010 would occur after the expiration of the TRO, TMG submits that at least two facts undercut any claim of irreparable harm to Miche.

6. First, despite having obtained its TRO (and an extension of same), Miche has yet to post a bond. The TRO plainly states that the TRO is only effective upon the filing of a bond in the amount of $250,000. *See*, Docket No 37, page 5. To date, Miche has posted no bond. Thus, TMG remains free to continue its activities. TMG submits that if Miche was truly irreparably harmed, it would have immediately posted the bond so that TMG would have to cease its activities. To make matters worse, TMG, upon information and belief, understands that representatives of Miche are informing TMG's distributors that Miche has obtained a judgment against TMG (which clearly is not true) and that all of TMG's products have to be removed from the distributors' stores in 30 days (again, clearly not true). Miche is simply using this TRO—which is currently not in force—to try and scare TMG's customers and illegally compete in the market place. This Court should not listen to Miche's claims of irreparable harm.

7. Second, Miche should not complain of irreparable harm, when it recently settled a case, allowing a defendant until June 21, 2010 to liquidate its inventory. *See*, Exhibit 1. The fact that Miche is allowing a competitor with allegedly infringing products to liquidate its inventory also undermines a claim of by Miche of irreparable harm.

8. Finally, in addition to preparing for the rapidly approaching hearing date, both parties are also preparing for a mediation which is scheduled to begin tomorrow, June 3, 2010 in Indianapolis. Should the mediation be able to resolve this matter, both parties, as well as the Court, will be able to conserve resources and avoid preparing for the preliminary injunction hearing.

9. In sum, TMG submits that moving the hearing date effectively balances the harms to both parties. TMG will miss some of its trade shows, but the matter will be heard prior to the remaining tradeshows, while Miche will get a hearing date that is less than thirty days after the expiration of the TRO.

10. Accordingly, since the current hearing date is so highly prejudicial to TMG, and since Miche has not demonstrated to the Court actual irreparable harm, and has indicated that it now had ample time to prepare for the hearing and is introducing witness—when it informed the Court of the complete opposite—TMG submits that the equities weigh in favor of moving the preliminary injunction hearing date on or about July 13, 2010.

11. TMG's counsel has conferred with Miche's counsel about the present Motion; however, Miche's counsel would not consent to the relief requested.

WHEREFORE, TMG respectfully requests that this Court move the preliminary injunction hearing date until July 13, 2010, or as soon thereafter as the Court's calendar may permit.

Dated: June 2, 2010                                      Respectfully submitted,

                                                         　S:/Jody L. Factor/
                                                         Jody L. Factor (PHV)
                                                         Patrick J. Smith (PHV)
                                                         FACTOR & LAKE, LTD.
                                                         1327 W. Washington Blvd., Suite 5G/H
                                                         Chicago, Illinois 60607
                                                         Telephone:  312-226-1818
                                                         Facsimile:   312-226-1919
                                                         jfactor@factor-lake.com
                                                         psmith@factor-lake.com

                                                         Attorneys for Defendant, The Marshall
                                                         Group, LLC.

**CERTIFICATE OF SERVICE**

I, Jody L. Factor, hereby certify that on this 2nd day of June, 2010, I electronically filed the foregoing document, entitled **EMERGENCY MOTION TO MOVE PRELIMINARY INJUNCTION HEARING,** with the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Plaintiff Miche Bag, LLC*
Steve L. Smilay
BOTKIN & HALL, LLP
105 East Jefferson Blvd., Ste. 400
South Bend, Indiana 4660 I
Telephone: (574) 234-3900
Fax: (574) 236-2839
ssmilay@bhlawyers.net

*Attorneys for Plaintiff Miche Bag, LLC*
James T. Burton
James B. Belshe
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

                                            S:/Jody L. Factor/