IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHE BAG, LLC, a Utah limited liability company,<br><br>            Plaintiff,<br><br>    v.<br><br>THE MARSHALL GROUP, INC. d/b/a SIERRA'S, an Indiana corporation,<br><br>            Defendant. | Civil Action No. 3:10-cv-00129-RLM-CAN<br>Honorable Judge Robert L. Miller<br><br>**JURY TRIAL DEMANDED** |

**OPPOSITION TO EMEREGENCY MOTION TO MOVE PRELIMINARY INJUNCTION HEARING**

Miche Bag, LLC ("Miche Bag") hereby submits its Opposition to Emergency Motion to Move Preliminary Injunction Hearing ("Opposition") filed by The Marshall Group, Inc. d/b/a Sierra's ("Sierra's"). Sierra's motion is rife with misleading statements and out of context citations to Miche Bag's positions in this matter. Moreover, much of Sierra's argument is a regurgitation of issues already presented to the Court and which the Court addressed in its May 28, 2010, Order and Opinion ("Order"). Simply stated, Sierra provides no new or compelling argument as to why the Court should modify the Order.

It must be restated here that Sierra's refused to agree to an extension of the Court's Temporary Restraining Order ("TRO"). Indeed, Sierra's indicated that it "would prefer to have the Preliminary Injunction hearing as soon as practicable." (*See* Docket No. 39.) Sierra's got what it asked for when the Court scheduled the hearing for June 7, 2010 and now it comes to the Court complaining about the consequences of its own request. The Court should deny Sierra's Motion.

1

I.    **ARGUMENT**

    A.    **Miche Bag Is Prepared for the Preliminary Injunction Hearing**

Sierra's now complains to the Court that it cannot be ready for the expedited hearing date that it requested.  Rather than complain about the time and resources necessary to prepare for a June 7th hearing, Miche Bag has tailored its preparation for the preliminary injunction hearing based upon the Court's May 28, 2010 Order.  Indeed, since the Court's Order, Miche Bag has expended substantial time and money to become as prepared as possible for the preliminary injunction hearing.  This preparation has included: (1) travel arrangements for six attorneys and one support staff to travel from Salt Lake City to South Bend on Friday, June 4, 2010; (2) travel arrangements for three factual witnesses and two expert witnesses to travel to South Bend from various parts of the country on Saturday, June 5, 2010; and (3) multiple attorneys working many hours preparing for the hearing.  Given the short time period before the hearing, the aforementioned preparation and expenses have come at a premium price to Miche Bag.

    B.    **Sierra's Takes Miche Bag Statements Out-of-Context**

Sierra's also argues that Miche Bag is taking an "about-face" from its previous pleadings with regard to discovery and testimony for the preliminary injunction hearing. (Motion, 2.)  This is not true and Sierra's quotations of Miche Bag statements are taken completely out of context.  Indeed, Miche Bag's statements quoted by Sierra's were given in response to Sierra's proposal that the parties only be able to participate in "expedited discovery relative to depositions only." (Docket No. 41, at 2.)   Miche Bag opposed Sierra's request that it be allowed to take multiple depositions before the hearing as both impractical and one-sided.  Importantly, the Court considered the parties position on this matter in its May 28, 2010 Order, wherein the Court stated that "Rule 65 implicitly contemplates that between the entry of a TRO, with its temporally limited impact, and the hearing that might produce a preliminary injunction that could last months or years, the record before the court will become more nearly complete."

Sierra's Motion further misleadingly argues that "[m]oreover, Miche also stated that the use of experts was unnecessary."  The context in which this statement was made by Miche Bag

2

exposes Sierra's selective citations to the record. Indeed, the aforementioned quote relates to expert witnesses on matters of law, for which there is not a need for expert legal witnesses given that all counsel of record are intellectual property practitioners. (*See* Docket No. 41, at n.1.) However, decisions on other factual issues, such as trade dress secondary meaning, likelihood of confusion, and irreparable harm will be substantially enhanced with appropriate expert testimony. Additionally, given that the parties will exchange supplemental briefing on Friday, June 4, 2010, both sides will see the details of any anticipated expert testimony and neither side will be prejudiced by having to guess what the other side will present and argue to the Court.

Sierra's further attempts to mislead the Court when it states that Miche Bag has yet to reveal its witnesses to Sierra's. (Motion, at 2.) On Friday, May 28, 2010, the day the Court set the preliminary hearing date, Miche Bag sent Sierra's an email proposing to exchange witness lists on Tuesday, June 1, 2010. (*See* May 28, 2010, email from James T. Burton, attached hereto as Exhibit 1.) Despite Sierra's subsequent refusal to provide its witness list to Miche Bag, Miche Bag nonetheless provided its witness list to Sierra's. (*See* June 2, 2010 letter to Jody L. Factor, attached hereto as Exhibit 2.)

As discussed above, Miche Bag is prepared to present its evidence at the June 7, 2010 hearing. As such, Miche Bag is opposed to postponing the preliminary injunction hearing. If the hearing were postponed to July 13th, the TRO would expire, giving Sierra's free reign to continue its infringing activity. This issue has already been decided by the Court. Sierra's should not get a second bite at the apple, particularly where it received the fast adjudication of the matter it requested.

### C. Miche Bag Took Immediate Steps to Post the Bond

Sierra's argues that "if Miche was truly irreparably harmed, it would have immediately posted the bond so that TMG would have to cease its activities." (Motion, 3.) Importantly, the bond has been posted. (Docket No. 46.) Moreover, immediately after the May 21, 2010, hearing, Miche Bag began the process of securing the bond. Given the large amount at issue, it was a several day process to obtain the bond. The bond was finalized by the underwriter on

Friday, May 28, 2010, in Salt Lake City.  The bond was immediately sent to Miche Bag's local counsel in South Bend.  The bond could not be presented to the Court, however, until Tuesday, June 1, 2010, because of the Memorial Day holiday.  Based upon the above, it is clear that Miche Bag expeditiously took steps to obtain and post the bond.

### D.     Miche Bag Has Not Misrepresented the Effect of the TRO

Sierra's argues that it "understands that representatives of Miche are informing TMG's distributors that Miche has obtained a judgment against TMG (which is clearly not true) and that all of TMG's products have to be removed from the distributor's stores within 30 days." (Motion, 3.)  Importantly, Sierra's prefaces this contention with the phrase "upon information and belief." (*Id*.)  This is presumably because Sierra's has no proof that such statements are being made.  Indeed, Miche Bag has not authorized such statements nor is Miche Bag aware that such statements are being made.  The only statement authorized by Miche Bag states that, *inter alia*, "[o]nce Miche Bag posts the required bond (we expect this to occur within days), The Marshall Group will be required to immediately cease selling both sizes of its interchangeable handbags.  At this point, the exact duration of the temporary restraining order is uncertain." (*See* Miche Bag public statement, attached hereto as Exhibit 3.)[1]  Sierra's unsupported contention is simply a red herring.

### E.     Miche Bag's Previous Settlements are not Relevant Here

Sierra's argues that Miche Bag's settlement agreement with Be You, LLC, wherein Be You is permitted to liquidate its inventory until June 21, 2010 is somehow evidence against irreparable harm here.  This argument fails.  Sierra's attempt to interpret a settlement agreement which Sierra's has not read, and which is from a case to which Sierra's was not a party.  Miche Bag's previous settlement agreements have no bearing on the irreparable harm here resulting from Sierra's sale of infringing product.  Sierra's raising of the argument here is again an attempt to mislead the Court.

---

[1] This statement was sent out on May 27, 2010, before the Court extended the TRO until June 18, 2010.

**F.     Unless a Settlement is Reached, the Parties' Mediation Has No Bearing on the Preliminary Injunction Hearing**

Sierra's argues that "both parties are preparing for the mediation, which is scheduled for tomorrow, June 3, 2010. . ." (Motion, 3.) As an initial matter, Sierra's statement that it is preparing for mediation is at odds with its statements to the mediator, who had requested that the parties provide their respective confidential position papers by yesterday, June 1, 2010. Miche Bag provided its position paper. For its part, Sierra's sent an email at 6:09 pm (EDT) wherein it stated that Sierra's "will not be able to submit a summary as previously discussed. That being said, I doubt it would have added much." (Email from Jody L. Factor to Jay Taylor, attached hereto as Exhibit 4.) Thus, Miche Bag is at a loss to understand how Sierra's purported preparation (or lack thereof) for the mediation has any bearing on the preliminary injunction hearing.

**II.    CONCLUSION**

As stated above, Miche Bag is prepared to present its evidence in support of a preliminary injunction at the June 7th hearing. Miche Bag respectfully requests that the Court deny Sierra's Motion.

DATED this 2nd day of June, 2010.

                                                       s/ James T. Burton
                                                       James B. Belshe (admitted *pro hac vice*)
                                                       jbelshe@wnlaw.com
                                                       James T. Burton (admitted *pro hac vice*)
                                                       jburton@wnlaw.com
                                                       WORKMAN NYDEGGER
                                                       60 East South Temple Street, Ste. 1000
                                                       Salt Lake City, Utah 84111
                                                       Telephone: (801) 533-9800

                                                       Steven L. Smilay (26233-43)
                                                       BOTKIN & HALL, LLP
                                                       105 East Jefferson Blvd., Ste. 400
                                                      South Bend, Indiana 46601
                                                      Telephone: (574) 234-3900
                                                      ssmilay@bhlawyers.net

                                                       Attorneys for Plaintiff Miche Bag, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2010, I electronically filed the foregoing with the Clerk of the Court and all counsel of record using the CM/ECF system.

                                              s/Jessica Garcia
                                                Jessica Garcia