UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHE BAG, L.L.C., | ) |
|     Plaintiff | ) |
|   v. | ) CAUSE NO. 3:10-CV-129 RM |
| THE MARSHALL GROUP, INC., doing business as SIERRA'S, | ) |
|     Defendant | ) |

OPINION AND ORDER

The Marshall Group, Inc. filed four amended counterclaims against Miche Bag, LLC, seeking declaratory judgments relating to the patents in three and alleging unfair competition in the fourth. Miche Bag's motion to dismiss Counterclaims III and IV under FED. R. CIV. P. 12(b)(6) and its motion for oral argument pend before the court. For the following reasons, the court denies the motion to dismiss and denies as moot the motion for oral argument.

I. STANDARD OF REVIEW

The court takes the complaint's factual allegations as true and views them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernard v. United Township High School Dist. 30, 5 F.3d 1090, 1091 (7th Cir. 1993); Gomez v. Illinois State Bd. of Education, 811 F.2d 1030, 1033 (7th Cir. 1987). The defendant's motions can be granted only if it is clear from the pleadings that the plaintiff can prove no set of facts upon which relief could be

granted. Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007); Forseth v. Village of Sussex, 199 F.3d 363, 368 n.6 (7th Cir. 2000). The court may not look beyond the pleadings, but can consider documents incorporated by reference in, or attached to, the pleadings, *see* FED. R. CIV. P. 10(c), and all uncontested allegations to which the parties had an opportunity to respond are taken as true. United States v. Wood, 925 F.2d 1580, 1581-1582 (7th Cir. 1991).

## II. ANALYSIS

The court incorporates by reference the detailed factual background set out in its opinion and order of June 16, 2010 [Doc. No. 59], granting Miche Bag's motion for preliminary injunction in part. Shortly after that order was entered, Marshall Group filed a second answer and amended counterclaims seeking declarations of non-infringement (counterclaim I), patent invalidity (counterclaim II), and patent unenforceability due to inequitable conduct (counterclaim III) under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and alleging unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) (counterclaim IV). Miche moved to dismiss counterclaims III and IV under Federal Rule of Civil Procedure 12(b)(6), contending that they don't satisfy Rule 9(b)'s heightened pleading standard for claims premised on fraud, and that the Marshall Group's unfair competition claim isn't actionable because its products are "blatant knock-offs" that clearly infringe upon Miche Bag's patents.

2

The only issue before the court at this stage of the proceedings is whether the Marshall Group has sufficiently stated a claim for relief based on inequitable conduct and for unfair competition. The Marshall Group doesn't dispute that the heightened pleading standard applies, but contends that its met that standard with respect to both claims. Even if it hasn't, the Marshall Group maintains that counterclaim III shouldn't be dismissed in its entirety because Miche Bag's motion addresses only the allegations relating to the utility patent (US Pat. No. 6,186,201), not the Marshall Group's claims of inequitable conduct relating to the design patents (U.S. Pat. Nos. D610,801, D611,705, D613,062). The Marshall Group asks for leave to amend its counterclaims if the court finds either deficient.

1. *Patent Unenforceability*

The Marshall Group's counterclaim III alleges inequitable conduct with respect to both the utility and the design patents, but Miche Bag only addresses the former in its motion to dismiss. Accordingly, Miche Bag's motion must be denied to the extent it could be read to include the design patent claims (¶¶ 70-80). Whether the remaining allegations (¶¶ 61-69) sufficiently state a claim for relief, is a close call, but one to be resolved in favor of the Marshall Group in light of In Re: Text Messaging Antitrust Litigation, __ F.3d __, 2010 WL 5367383 (7th Cir. Dec. 29, 2010).

To withstand a dismissal motion, the Marshall Group must show that "it is plausible, rather than merely speculative, that [it] is entitled to relief." Tamayo v.

3

Blagojevich, 526 F.3d 1074, 1083 (7th Cir.2008) (citations omitted). The complaint must allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir.2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). A plausible claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

> The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the [Patent and Trademark Office]. *See* Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1365 (Fed. Cir. 2008); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178, 1181 (Fed. Cir. 1995); 37 C.F.R. 1.56 (2008).

Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n. 3 (Fed. Cir. 2009)

TMG alleges that:

(1) the utility patent (U.S. Pat. No. 6,186,201) was abandoned for failure to pay an eight-year maintenance fee that was due in August 2009 (¶¶ 70-72);

(2) "someone" filed a petition to revive the utility patent on February 2, 2010 on the basis that the abandonment was unintentional (¶ 73);

(3) Julie Greenstein owned the utility patent when it was abandoned, when the petition to revive was filed, and when the patent was reinstated on February 2, 2010 (¶¶ 74-75);

4

(4) Ms. Greenstein assigned her rights to that patent to Risemont Technology, LLC on April 19, 2010 for $115,000 (¶ 76);

(5) Risemont Technology reassigned those rights to Miche the same day (¶ 77);

(6) "Upon information and belief based upon the above fact, the statement that the abandonment was unintentional is false." (¶ 78)

(7) U.S. Pat. No. 6,186,201 was revived through fraud (the false statement), and is unenforceable due to inequitable conduct. (¶¶ 79-81).

The Marshall Group concedes that inequitable conduct must be pleaded with particularity under Rule 9(b), and that it must "identify the specific, who, what, when, where, and how of the alleged material misrepresentation or omission committed before the [Patent and Trademark Office]." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d at 1326, 1328; *see also* Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992). But Rule 9(b) also states that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally."

"The relevant 'conditions of mind' for inequitable conduct include: (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d at 1327 (citations omitted). While "knowledge" and "intent" may be averred generally, the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Id.; *see also* Tricontinental Indus., Ltd. v. PricewaterhouseCoopers,

LLP, 475 F.3d 824, 833 (7th Cir. 2007) ("[U]nder Rule 9(b)…the complaint 'must sill afford a basis for believing that plaintiffs could prove scienter.'").

Miche Bag contends that the Marshall Group's pleading is deficient because it doesn't identify who filed the petition to revive the utility patent and represented that the abandonment was unintentional, or set forth any facts which would show that the statement was false. The Marshall Group contends that only the owner/patentee or a legal representative could have signed the petition to revive, *citing* 37 C.F.R. 1.378(d), so it can be inferred from Julie Greenstein's ownership of the patent when it was abandoned and when the petition to revive was filed that she or her attorney filed the petition representing that the patent had been unintentionally abandoned. The Marshall Group alleges "upon information and belief" that the statement that the abandonment was unintentional is false based upon the facts asserted, and contends that when information essential to its claim (whether the patent was intentionally or unintentionally abandoned) is only in the possession of another (Ms. Greenstein, her legal representative, or Miche Bag), such an averment is sufficient under Rule 9. Citing Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d at 1330.

Miche Bag replies that it's not enough that the inference the Marshall Group wants to draw from the facts is reasonable, it must be "the *single most reasonable inference* able to be drawn from the evidence to meet the clear and convincing standard." *citing* Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d at 1329 n.5.

6

The Marshall Group doesn't need to meet the clear and convincing standard at this stage of the proceedings.

> In contrast to the pleading stage, to prevail on the merits, the accused infringer must prove both materiality and intent by clear and convincing evidence. *See* Star Scientific, 537 F.3d at 1365. Whereas an inference of deceptive intent must be reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b), this inference must be "the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard." Id. at 1366 (emphasis added).

Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d at 1329 n.5. The court needn't decide whether the factual allegations compel an inference of inequitable conduct at this stage; the test on a motion to dismiss is whether the claim is "plausible" – "whether it has a moderately high likelihood of occurring." In Re: Text Messaging Antitrust Litigation, 2010 WL 5367383 at *6. "[T]he complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote." Id.

The inferences the Marshall Group wants drawn from the alleged facts are plausible and sufficiently state a claim for inequitable conduct. It reasonably can be inferred that, as the owner of the utility patent, Ms. Greenstein decided not to pay the required maintenance fee when it was due in August 2009, and that she or her legal representative filed the petition to revive the patent. Although there is no direct allegation as to whether the failure to pay the fee was intentional or unintentional, it can be inferred reasonably from the time lapse between abandonment (August 2009) and the petition to revive (February 2010), that Ms.

7

Greenstein's actions (or failure to act) may have been intentional. If so, any representation to the contrary on the petition to revive would have been false, and an intent to deceive the Patent Office could be inferred. Without more than what is in the complaint, it also could be inferred from Ms. Greenstein's selling her interest in the utility patent to Risemont Technology less than two months after it was revived, and Risemont's immediately reselling it to Miche Bag, that Miche Bag was the intended buyer all along, and that it, or someone on its behalf, played a role in Ms. Greenstein's decision to revive the abandoned patent.

When there is a reasonable expectation that "discovery may reveal the smoking gun or bring to light additional circumstantial evidence that further tilts the balance in favor of liability," as there is here, the claimant should be allowed to proceed. In Re: Text Messaging Antitrust Litigation, 2010 WL 5367383 at *6; *see also* Brooks v. Ross, 578 F.3d at 581. The Marshall Group's counterclaim III provides a sufficiently plausible claim of inequitable conduct to warrant further discovery, and to survive Miche Bag's motion to dismiss.

2. *Unfair Competition*

Miche Bag contends that the Marshall Group's unfair competition counterclaim should be dismissed because it doesn't specifically identify who made the alleged misrepresentations. Miche Bag says that even if the counterclaim identified the misrepresenter, dismissal is appropriate because the alleged statements (that the Marshall Group's product infringed Miche Bag's

8

asserted patents, trade dress and copyrights) are true and can't form the basis of an actionable claim for unfair competition.

Whether the Marshall Group's products infringe is a fact issue yet to be determined. Contrary to Miche Bag's assertion, a finding that it is likely to succeed on the merits for purposes of a preliminary injunction motion isn't the same as a finding that Miche Bag is entitled to judgment as a matter of law on the Marshall Group's counterclaim.

The Marshall Group doesn't dispute that unfair competition claims grounded in fraud must meet the heightened pleading requirement of Rule 9(b). *See* Buffet Crampon S.A.S. v. Schreiber & Keilwerth, Musikinstrumente Gmbh, 2009 WL 3675807 at *16 (N.D. Ind. Nov. 2, 2009); Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007), but contends that it has sufficiently identified the actions and actors associated with its unfair competition counterclaim. The court agrees.

The Marshall Group alleged that:

>  (1) "Upon information and belief, Miche, or someone acting on its behalf, has contact[ed] a customer/distributor of Sierra informing the customer of the lawsuit and stating that Sierra's products infringe Miche's asserted patents, trade dress and copyrights" (¶ 82);

>  (2) the statement was material and false, and was made to deceive (or was likely to deceive) the intended audience (Sierra's customers and distributors) (¶¶ 83-85);

(3) Miche Bag's patents were procured or revived by fraud and its representations therefore were made in bad faith (¶87); and

(4) Sierra was injured as a result of Miche Bag's actions, which amount to unfair competition under the Lanham Act, 15 U.S.C. 1125(a) (¶¶ 86, 88).

The Marshall Group has sufficiently identified the who, what, when, where, and how of the alleged wrongdoing, and has presented a sufficiently plausible claim of unfair competition to warrant further discovery and to overcome the motion to dismiss. *See* In Re: Text Messaging Antitrust Litigation, 2010 WL 5367383 at *6; Brooks v. Ross, 578 F.3d at 581.

III. CONCLUSIONS

For the foregoing reasons, the court DENIES Miche Bag's motion to dismiss [Doc. No. 69] and motion for oral argument [Doc. No. 82].

SO ORDERED.

ENTERED:     January 18, 2011

                                            /s/ Robert L. Miller, Jr.
                                            Judge
                                            United States District Court